# In the United States Court of Federal Claims

**NOT FOR PUBLICATION**

No. 26-1128C
(Filed: September 21, 2026)

**COREY L. SANDERS**,

*Plaintiff*,

v.

**UNITED STATES**,

*Defendant*.

*Corey L. Sanders,* Cleveland, OH, pro se.

*Matthew J. Carhart*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant.

**ORDER OF DISMISSAL**[1]

Prior to commencing this action, pro se plaintiff Corey L. Sanders filed a complaint in this Court on January 20, 2023. *Sanders v. United States*, No. 23-103 (Fed. Cl. Jan. 20, 2023), Dkt. No. 1. As summarized by the United States Court of Appeals for the Federal Circuit on appeal in that case:

> Mr. Sanders alleged that the U.S. Army: (1) improperly discharged him in 2003 by giving him a discharge document that he did not sign; and (2) erred by failing to (a) correct his military records, (b) retroactively promote him and provide associated backpay, (c) provide his family legal assistance and transition benefits upon his discharge, and (d) award disability retirement based on Post-Traumatic Stress Disorder (PTSD) and antisocial personality disorder.

[1] This case was transferred to the undersigned for adjudication on September 2, 2026, pursuant to Rule 40.1(b) of the Rules of the United States Court of Federal Claims (RCFC).

*Sanders v. United States*, No. 24-1067, 2025 WL 313171, at *1 (Fed. Cir. Jan. 28, 2025) (per curiam).[2] In that case, this Court granted the government's motion to dismiss Mr. Sanders' complaint, finding his claims of improper discharge were time-barred, the assertions that Mr. Sanders and his family were improperly denied legal assistance and transition benefits following his discharge while stationed in the Federal Republic of Germany failed to identify a money-mandating statute on which to base this Court's jurisdiction, and his demand for a medical (disability) retirement based on mental health issues under 10 U.S.C. § 1201(a) failed to assert a plausible claim. *Sanders v. United States*, No. 23-103, 2023 WL 6307661 (Fed. Cl. Sept. 28, 2023). The Federal Circuit affirmed. *Sanders,* 2025 WL 313171. Mr. Sanders did not seek further appellate review, and the mandate issued on March 21, 2025.

Over sixteen months later, on August 5, 2026, Mr. Sanders filed this action, asserting military pay claims nearly identical to those previously addressed by this Court and the Federal Circuit in the above-cited proceedings. Mindful Mr. Sanders is proceeding pro se, the Court construes his pleadings liberally. *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (citing cases). Even so, the claims in his latest complaint must be dismissed.

To the extent Mr. Sanders proffers the same claims as in his prior action, they are barred under the doctrine of res judicata, or claim preclusion. Although the government has not yet raised the issue of claim preclusion, the Court may invoke the doctrine *sua sponte* in special circumstances. As the Supreme Court explained:

---

[2] The Federal Circuit further noted the myriad claims and arguments Mr. Sanders raised on appeal:

> In his informal brief and appended materials, . . . Mr. Sanders appears to raise the following issues and/or arguments on appeal: (1) the Government concealed facts from him; (2) his disability retirement claim; (3) alleged due process violations; (4) "[t]he [Army Board for Correction of Military Records (ABCMR)] and [Army Discharge Review Board (ADRB)] were arbitrary and capricious"; (5) he was "never legally discharged from [the] military according to law, and [he is] MIA/POW during actual war"; (6) the Claims Court applied the wrong law and should have applied 10 U.S.C. § 1168(a), which covers discharge from active duty; (7) the Claims Court failed to consider "constructive service credit entitlement"; (8) the Government violated the North Atlantic Treaty Organization Status of Forces Agreement (NATO–SOFA); (9) the DD Form 214 should be considered void; (10) he "was not provided final accounting of pay before discharge or even in a timely manner"; (11) several awards and entitlements are not listed on his DD Form 214; (12) the VA improperly denied his request for benefits; and (13) his "educational accomplishments are not listed" in "his official military record."
>
> Mr. Sanders asks us to apply the Servicemembers' Civil Relief Act, direct the Army to evaluate his medical records, award backpay, and order transfer to a VA medical facility for treatment of service-connected disabilities, among other things.

*Id.* at *2.

> Judicial initiative of this sort might be appropriate in special circumstances. Most notably, "if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste."

*Arizona v. California*, 530 U.S. 392, 412 (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)), *as supplemented*, 531 U.S. 1 (2000).

This Court previously considered nearly all of the claims presented by Mr. Sanders in his current complaint, and those not previously presented must also be dismissed sua sponte, as discussed *infra*. Accordingly, the requisite special circumstances for a *sua sponte* finding of res judicata are present. As stated by the Federal Circuit:

> Application of res judicata requires a prior final judgment on the merits by a court or other tribunal of competent jurisdiction; identity of the parties or those in privity with the parties; and a subsequent action based on the same claims that were raised, or could have been raised, in the prior action.

*Int'l Nutrition Co. v. Horphag Rsch., Ltd.,* 220 F.3d 1325, 1328 (Fed. Cir. 2000) (first citing *Amgen, Inc. v. Genetics Inst.*, 98 F.3d 1328, 1331 (Fed. Cir. 1996); and then citing *McCandless v. Merit Sys. Prot. Bd.*, 996 F.2d 1193, 1197–98 (Fed. Cir. 1993)).

In relevant part, Mr. Sanders' current complaint raises claims of improper discharge (and related grievances) and entitlement to a medical (disability) retirement based on mental health issues. Mr. Sanders' previous military pay case raised identical claims based on the same operative facts. Further, his claims involved the same two parties (i.e., Mr. Sanders and the United States). Finally, those identical claims were decided by this Court and the Federal Circuit and litigated to final judgment on the merits.[3] Having satisfied all three prongs of

---

[3] A finding that a claim is time-barred is an adjudication on the merits. *Michaelesco v. Est. of Richard*, 355 F. App'x 572, 573 (2d Cir. 2009); *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). A dismissal for failure to state a claim is the same. *Aljindi v. United States*, No. 24-1997, 2025 WL 440123, at *4 (Fed. Cir. Feb. 10, 2025) (citing *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 687 (Fed. Cir. 1992)). In contrast, a dismissal for lack of jurisdiction is not an adjudication on the merits and cannot serve as the basis for claim preclusion. *Killeen v. Off. of Pers. Mgmt.*, 558 F.3d 1318, 1323 (Fed. Cir. 2009) (citing *Media Techs. Licensing, LLC v. Upper Deck Co.*, 334 F.3d 1366, 1369–70 (Fed. Cir. 2003)). Although this Court dismissed Mr. Sanders' previous claim for legal assistance and transition benefits for his family for failure to identify a money-mandating statute and, thus, for lack

res judicata, Mr. Sanders is barred from relitigating these claims. Put simply, he has had his day in court.

Next, Mr. Sanders claims membership in a certified class of United States Army veterans who received less-than-Honorable discharges after serving in Iraq and Afghanistan at any time since October 7, 2001, and who have been diagnosed with PTSD or PTSD-related conditions or symptoms, filed in the United States District Court for the District of Connecticut. *See Kennedy v. Fanning*, No. 16-2010 (D. Conn. Dec. 8, 2016), Dkt. No. 1. On April 26, 2021, following a fairness hearing conducted under Rule 23 of the Federal Rules of Civil Procedure, the district court formally approved the parties' proposed settlement. *Kennedy v. Whitley*, 539 F. Supp. 3d 261 (D. Conn. 2021). The relief afforded included a process whereunder veterans could seek discharge upgrades from the ADRB under the more lenient liberal consideration standard codified in 10 U.S.C. § 1553. *See Kennedy*, 539 F. Supp. 3d at 271. *See also White v. United States*, 179 Fed. Cl. 609, 621–28 (2026) (discussing the history of the liberal consideration standard).

Mr. Sanders represents that the ADRB has not upgraded his characterization of service and seeks relief. But this claim is also barred under res judicata. The cited class action settlement predates Mr. Sanders' first lawsuit in this Court by nearly two years (i.e., April 26, 2021, versus January 20, 2023). This claim could have been raised when Mr. Sanders challenged his military separation and the contents of his DD Form 214. *See Sanders*, 2025 WL 313171, at *6 (addressing contents of Mr. Sanders' DD Form 214). As such, it is now barred. *See Int'l Nutrition Co.*, 220 F.3d at 1328 ("[R]es judicata requires . . . a subsequent action based on the same claims that were raised, or *could have been raised*, in the prior action." (emphasis added)). Additionally, the relief afforded in the class action district court litigation was limited to non-monetary relief (i.e., military board review of soldier's characterization of service). Even if the Court endeavored to untangle and sever this claim from Mr. Sanders' previously litigated military pay claims, as held by the Federal Circuit in Mr. Sanders' prior appeal, such claims fall outside the jurisdictional reach of the Tucker Act. *See Sanders*, 2025 WL 313171, at *6.[4]

Lastly, in seeking re-adjudication of his medical (disability) retirement claim, Mr. Sanders cites a decision of this Court issued four days after the mandate issued in his previous litigation, *Jeanpierre v. United States*, 176 Fed. Cl. 11 (2025).

---

of jurisdiction, Mr. Sanders' current complaint does not repeat the same claim. Even if his current complaint did include that claim, however, dismissal anew would be required under RCFC 12(h)(3).

[4] For completeness, it is not clear that Mr. Sanders is a qualified class member. *Compare Kennedy*, 539 F. Supp. 3d at 270 ("The members of the class are Army veterans who . . . have mental health conditions related to their military service, received less-than-Honorable discharges, and whose applications for discharge upgrades were denied by the Army (or who have not yet applied)."), *with Sanders*, 2023 WL 6307661, at *10 ("Plaintiff presents no evidence, and the record does not otherwise reflect, that he had a disabling condition or injury that manifested itself during his period of service. Plaintiff fails to demonstrate that he has ever been diagnosed with PTSD while in service.").

Mr. Sanders' reliance on *Jeanpierre* is misplaced.[5] Procedurally, the only viable mechanism for the relief Mr. Sanders seeks is a motion for relief from a final judgment under RCFC 60(b)(6) and (d)(1). Rule 60(b)(6) provides, in relevant part, "the court may relieve a party . . . from a final judgment . . . for . . . any other reason that justifies relief."[6] Mr. Sanders' decision to file a new action rather than seek to reopen his previous case calls upon the plenary power of the Court codified in Rule 60(d)(1): "This rule does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment . . . ." The Federal Circuit has cautioned, however, that "such relief should be granted only in 'extraordinary circumstances.'" *Ananiades v. United States*, No. 25-1951, 2026 WL 668479, at *1 (Fed. Cir. Mar. 10, 2026) (per curiam) (quoting *Progressive Indus., Inc. v. United States*, 888 F.3d 1248, 1255 (Fed. Cir. 2018)). "This very strict interpretation . . . is essential if the finality of judgments is to be preserved." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Even if Mr. Sanders could rely on *Jeanpierre*, substantively, the unrelated case is readily distinguishable. In *Jeanpierre*, this Court found that the ABCMR failed to properly assess a soldier's recorded history of mental health issues and fitness for continued military service, did not sufficiently explain its reasoning, seemingly ignored certain evidence supporting the soldier's claims of unfitness while glossing over inconsistencies in the military personnel records, and presented the Court with an incomplete administrative record. 176 Fed. Cl. at 29–35. In Mr. Sanders' prior case, in contrast, this Court concluded:

> Plaintiff has presented no evidence, and the record is devoid of any evidence, that he suffered from a medical condition while on active duty that rendered him unfit to serve, let alone exhibited symptoms of a disabling condition that would render him unable to meet required medical standards. Nor does Plaintiff's Complaint state, or the record show, that was he unable to perform his military duties while on active duty due to a medical condition and thus should have been referred to a medical evaluation board. Plaintiff's Complaint therefore fails to make sufficient factual allegations, if accepted as true, would show that the

[5] Mr. Sanders' related references to due process and equal protection under the Fifth Amendment are similarly unavailing. *See Sanders*, No. 24-1067, 2025 WL 313171, at *5 ("[T]he Claims Court does 'not have jurisdiction over money claims that are based upon an alleged violation by the government of the due process clause.'" (quoting *Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995)); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (holding that the Court of Federal Claims lacks subject-matter jurisdiction to adjudicate claims asserted under the "due process and equal protection clauses of the Fifth Amendment").

[6] Mr. Sanders is time-barred from invoking RCFC 60(b)(1)–(3). *See* RCFC 60(c)(1) (one-year deadline). In turn, RCFC 60(b)(4)–(5) are inapplicable as the judgment in Mr. Sanders' previous case is neither void nor superseded by *Jeanpierre*. *See Newimar, S.A. v. United States*, 163 Fed. Cl. 240, 253 n.7 (2022) ("[T]his Court is not bound by the decisions of other judges on the Court of Federal Claims." (citing *Almanza v. United States*, 136 Fed. Cl. 290, 296 (2018)).

> ABCMR and ADRB proceedings were arbitrary. Plaintiff fails to state a claim to relief that is plausible on its face, and thus the Court dismisses Plaintiff's claim for disability retirement.

*Sanders*, 2023 WL 6307661, at *10 (citations omitted). At bottom, Mr. Sanders is not entitled to the extraordinary relief he seeks.

Accordingly,

(1) Plaintiff's complaint (ECF 1) is dismissed *sua sponte* under the doctrine of res judicata and for lack of subject-matter jurisdiction, and the Clerk of Court is directed to dismiss plaintiff's complaint and enter judgment accordingly;

(2) Plaintiff's motion for miscellaneous relief (ECF 8) is denied as moot; and

(3) The Clerk of Court is directed to vacate as moot the remaining deadline included in the Court's September 3, 2026 order (ECF 11).

It is so **ORDERED**.

s/ Armando O. Bonilla
Armando O. Bonilla
Judge